UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: LANE ALLEN MAYS, II | : | CHAPTER 13 |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| LANE ALLEN MAYS, II | : | |
| Respondent | : | CASE NO. 1-23-bk-00737 |

TRUSTEE'S OBJECTION TO SECOND AMENDED CHAPTER 13 PLAN

AND NOW, this 7th day of September, 2023, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor's plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

   a. Excess disposable income
   b. Debtor's plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor has not submitted all or such portion of the disposable income to the Trustee as required. More specifically, the debtor testified at his Section 341 Meeting that his ex-spouse now lives with him and contributes $690.00 per month to the household.

2. Debtor(s)' plan violates 11 U.S.C. § 1322(a)(2) in that the debtor(s) has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. § 507. Not funded sufficiently to pay Claim #4-2 of the IRS.

3. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

   a. The plan is underfunded relative to claims to be paid. No claims for Lebanon County Tax Claim, Myerstown Water and Sewer, Myerstown Water Authority, and PA Department of Revenue.

      b. The plan fails to provide that the sale or refinance of debtor's real estate will occur within one year.
      c. The plan is inconsistent with Proofs of Claims filed and/or approved by the Court.

4. The debtor has not demonstrated that all tax returns have been filed as required by § 1325(a)(9) – 2017, 2018 and 2019 Federal.

WHEREFORE, Trustee alleges and avers that debtor's plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

      a. Deny confirmation of debtor(s) plan.
      b. Dismiss or convert debtor(s) case.
      c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Douglas R. Roeder
Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 7th day of September, 2023, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Gary Imblum, Esquire
4615 Derry Street
Harrisburg, PA 17111

/s/Deborah A. DePalma
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee